IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ARLENE JOSEPH, | CV 13-08-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| LINEHAUL LOGISTICS, INC., | |
| Defendant. | |

Plaintiff moves to stay count one of the complaint asserting retaliatory discharge, brought under the federal Fair Labor Standards Act, and remand count two of the complaint asserting tortious interference with business relationship, brought under state law. (Doc. 5.) Defendant objects. (*See* doc. 14.)

Ms. Joseph first brought suit against LineHaul in Montana's Fourth Judicial District Court May 2, 2011 asserting violation of state and federal wage and hour laws by failing to pay her overtime wages and alleging wrongful termination of employment. The action was removed to this Court. *See Joseph v. Linehaul Logistics, Inc.*, No. CV 11-114-M-JCL (D. Mont. 2012). A jury returned a verdict for Ms. Joseph on her wrongful discharge claim and for LineHaul on her wage and hour claim. After the entry of judgment, both parties filed post-trial motions. The Court denied both parties' post-trial motions. LineHaul appealed and Ms. Joseph

filed a cross-appeal. The appeal has not yet been decided.

Ms. Joseph commenced a this action against LineHaul in Montana's Fourth Judicial District Court January 14, 2013. Count one alleges LineHaul violated the Fair Labor Standards Act by terminating Ms. Joseph in retaliation for complaining about not being paid overtime while count two alleges LineHaul tortiously interfered with her business relationships. LineHaul answered and removed the case to federal court January 22, 2013.

Ms. Joseph's wrongful termination claim in this action is identical to the first case now on appeal before the Ninth Circuit, save for her citation to the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), in this matter where her previous complaint did not. A stay of this claim is not warranted. If Ms. Joseph is successful in her appeal, her wrongful termination claim will be addressed in the context of the first lawsuit. LineHaul argues summary judgment is proper on Ms. Joseph's Fair Labor Standards Act claim based on *res judicata* and collateral estoppel. Ms. Joseph has not presented grounds to avoid answering this attack. Both parties have the right to "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

Ms. Joseph argues the Court lacks supplemental jurisdiction over her state law tortious interference claim and that the same should be severed and remanded to state court. She claims removal and the Court's exercise of supplemental

jurisdiction is proper only if the tortious interference claim is so related to the Fair Labor Standards Act claim that it forms "part of the same case or controversy under Article III of the Constitution." 28 U.S.C. § 1367(a). This standard is met where the state law claim and the federal claim share a common nucleus of operative fact. *Bahrampour v. Lambert*, 356 F.3d 969, 978 (9th Cir. 2004) (citation omitted).

Plaintiff claims there is no common nucleus of operative facts between her state tortious interference claim and federal wrongful discharge claim. Plaintiff is incorrect. Her complaint involves a common set of facts which would normally be considered one case or controversy. Defendant argues this conclusion is warranted because consideration of evidence of the tortious interference claim would be necessary to properly decide the remedy for Ms. Joseph's retaliatory discharge claim if it proceeds to trial. Furthermore, the inclusion of paragraph seven, which presents allegations of fact to support Ms. Joseph's retaliatory discharge claim, in the recital of her tortious interference claim, is textual support for the conclusion that a common nucleus of operative animates both counts of the complaint.

In accordance with the foregoing, IT IS ORDERED Plaintiff's motion (doc. 5) is DENIED. Plaintiff's motion to stay her Fair Labor Standards Act claim is without merit and denied. Plaintiff's motion to sever and remand her state law tortious interference claim is denied, subject to renewal if the Court grants

Defendant's motion for summary judgment and disposes of Plaintiff's federal claim in this case.

DATED this 8th day of March, 2013.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT