IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ARLENE JOSEPH,<br><br>            Plaintiff,<br><br>    vs.<br><br>LINEHAUL LOGISTICS, INC.,<br><br>            Defendant. | CV 13–08–M–DWM<br><br>ORDER |

Linehaul Logistics, Inc., moves for summary judgment on Arlene Joseph's claim that Linehaul wrongfully terminated her employment because it retaliated against her for reporting unpaid overtime. Linehaul argues that the claim is barred by res judicata. Linehaul also moves for sanctions under Rule 11. Both motions are well taken for the reasons set forth below.

## BACKGROUND

Linehaul terminated Joseph's employment on April 27, 2011, immediately after she had complained about unpaid overtime. Joseph sued Linehaul in state court alleging, among other things, that "[i]n response to [Joseph's] reports of a hostile work environment and state and federal wage and hour violations . . .

1

[Linehaul] immediately terminated [Joseph]." (Doc. 9-4 at 2.) In her complaint, Joseph didn't identify any specific statutes that Linehaul allegedly violated. Instead, she generically claimed that she was wrongfully discharged without good cause (Count One), that she was wrongfully discharged on account of retaliation (Count Two), and that Linehaul violated wage and hour laws (Count Three). Linehaul then removed the case to this Court.

While not pleaded specifically, the first two counts were presumably brought under Montana's Wrongful Discharge from Employment Act, Mont. Code Ann. §§ 39–2–901 to 39–2–915, and the third count was presumably brought under § 207 of the Fair Labor Standards Act. The final pretrial order and the jury instructions clarified the statutory bases of Joseph's claims—showing that (1) her wrongful discharge claims were, in fact, based on alleged violations of Montana's Wrongful Discharge from Employment Act (*see* docs. 9-6 at 2–3, 9-8, 9-9, 9-10) and (2) her wage and hour claim was brought under the Fair Labor Standards Act (*see* docs. 9-6 at 3.)

Joseph's case went to trial, and the jury returned a verdict in her favor on the wrongful discharge claim but not on the wage and hour claim. (doc. 9-11).

After trial, but before judgment was entered, Joseph moved to amend her complaint to add a new claim—a wrongful termination claim under § 215(a)(3) of

2

the Fair Labor Standards Act, which makes it unlawful for an employer to terminate an employee for reporting or complaining about unpaid wages (including overtime). (*See* doc. 9-12; 20-1, 20-2.) Joseph's counsel, Stacey Weldele-Wade never explained why she couldn't have timely pleaded this claim in her complaint or otherwise raised it before trial. (Doc. 9-12 at 45–46.) And she expressly recognized that if she was to raise her § 215(a)(3) claim in a separate lawsuit (like this one), she would run into some problems with res judicata. (Doc. 9-12 at 51–52.)

Magistrate Judge Lynch, who presided over the case and trial, denied Joseph's motion to amend. Joseph cross-appealed that decision to the Ninth Circuit but then filed a new lawsuit in Montana state court, alleging the § 215(a)(3) claim and a tortious interference claim against Linehaul. Once again, Linehaul removed the new case to this Court.

## STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ANALYSIS

Linehaul's motions raise two questions: (1) Is Joseph's § 215(a)(3) claim barred by res judicata? and (2) should the Court impose sanctions under Rule 11 on Joseph because Joseph's claim is frivolous and was made for an improper purpose? Joseph's claim is barred by res judicata. No reasonable attorney could conclude otherwise. The § 215(a)(3) claim is frivolous in light of the prior litigation and, for that reason, Rule 11 sanctions are appropriate. Even so, the Court can't conclude that Joseph made her § 215(a)(3) claim for an improper purpose.

### I. Motion for summary judgment

There are two components of res judicata: claim preclusion and issue preclusion (or collateral estoppel).[1] Both are squarely at issue here.

---

[1] Frequently, courts have used the term "res judicata" to refer only to "claim preclusion" and have used "collateral estoppel" to refer to "issue preclusion." *See United States v. Bhatia*, 545 F.3d 757, 759 n.2 (9th Cir. 2008). The United States

### A. Claim preclusion

"Claim preclusion treats a judgment once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988). "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *Tahoe Sierra Preservation Council Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003). In other words, the doctrine "'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Robi*, 838 F.3d at 321–22 (quoting *Brown v. Felsen*, 442 U.S. 127, 1331 (1979)).

Claim preclusion applies under federal law when there is:

1. an identity of claims;

2. a final judgment on the merits; and

---

Supreme Court, however, clarified that the terms "claim preclusion" and "issue preclusion" are collectively referred to as "res judicata." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *see also United States v. Bhatia*, 545 F.3d 757, 759 n.2 (9th Cir. 2008).

5

      3.    identity or privity between the parties.[2]

*Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009) (citations omitted); *Tahoe-Sierra Preservation Council*, 322 F.3d at 1078.

Here, there is no dispute that the parties in this case are the same parties in the previous litigation. The question is whether the first and second elements above are met.

As to the first element, Joseph argues there's no identity of claims here because she didn't specifically raise a claim under § 215(a)(3) in the previous litigation. Instead, she maintains, her claim in the previous litigation was made under Montana's Wrongful Discharge from Employment Act instead of § 215(a)(3). That argument is a nonstarter.

In the previous litigation, Joseph argued that Linehaul wrongfully discharged her because her termination was based on "retaliation" for reporting "a violation of employment conditions [hostile work environment and wage and hour

---

[2] The United States Supreme Court's decision in *Taylor*, 553 U.S. 880, suggests that the term "privity" might be outmoded. *See id.* at 894 n.8. Instead of using the term "privity" the Court referred to six exceptions to the "rule against non-party preclusion." *Id.* at 893. Following *Taylor*, though, the Ninth Circuit has continued to refer to the privity requirement in the context of claim preclusion. *See e.g. Miller v. Wright*, 705 F.3d 919, 928 (9th Cir. 2012); *Harris v. Co. of Orange*, 682 F.3d 1126 (9th Cir. 2012); *United States v. Liquidators of European F. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).

laws]."(Docs. 9-3, 9-4.) She now claims in this case that she was wrongfully discharged under the Fair Labor Standards Act because her termination was based on retaliation for her complaint about "non-payment of her overtime compensation." (Doc. 1-1 at 2.); *see* 29 U.S.C. § 215(a)(3).

The only difference between this claim and her previous one is that this claim is made under the Fair Labor Standards Act and the previous was made under the Wrongful Discharge from Employment Act. The factual basis for the two claims and the substance of the arguments are identical.

Whether Joseph attempted to vindicate her claim in the previous litigation under precisely the same statute or legal theory isn't the relevant inquiry. Instead, the question is whether she could have brought the claims in this case in her previous litigation. *Tahoe Sierra Preservation Council Inc.*, 322 F.3d at 1078; *see also Stratosphere Litig. LLC v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002) (citations and internal quotation marks omitted) ("Identity of claims exists when two suits arise from the same transactional nucleus of facts.")

Joseph's § 215(a)(3) claim, by her own admission, arises out of the precise facts that were at issue in her previous litigation. (Doc. 9-12 at 51.) Joseph hasn't offered any explanation for why she was unable to timely bring her § 215(a)(3) claim in the previous litigation, even though it clearly arises out of the precise

facts that were at issue in the previous litigation.

The record shows that counsel knew that res judicata would be a very serious issue if she brought this claim, and indeed it is. (*See* doc. 9-12 at 52). The undisputed facts show that counsel could have timely alleged the § 215(a)(3) claim if she had wanted to, so that claim could have been brought in the previous litigation. There is therefore an identity of claims here. *See Tahoe Sierra Preservation Council Inc.*, 322 F.3d at 1078.

As to the second element, Judge Lynch entered a final judgment in the previous litigation on September 28, 2012. (Doc. 9-13.) As the defendants correctly argue, the fact that the previous case is being appealed doesn't alter finality for purposes of res judicata. *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988) ("The established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal . . . ." (citations and internal quotation marks omitted)); *see also Harris v. Co. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

For these reasons, Joseph's § 215(a)(3) claim is barred by the claim preclusion doctrine.

### B. Issue preclusion

Joseph's claim is also barred by the issue preclusion doctrine. Issue

preclusion "'can apply to preclude relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action.'" *Wolfson v. Brammer*, 616 F.3d 1045, 1065 (9th Cir. 2010) (quoting *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 170–71 (1984)). Under this doctrine, a party is precluded from relitigating issues of fact or law if four elements are met:

1. there was a full and fair opportunity to litigate the issue in the previous action;

2. the issue was actually litigated;

3. there was final judgment on the merits; and

4. the person against whom [issue preclusion] is asserted was a party to or in privity with a party in the previous action.

*Id.* (citations omitted); *see also Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).

If these four elements are met, the factual or legal issue is precluded, even if it is presented under the guise of a new legal theory or on the basis of new evidence. *Adam Bros. Farming, Inc. v. Co. of Santa Barbara*, 604 F.3d 1142, 1149 (9th Cir. 2010); *Restatement (Second) of Judgments* § 27 (1982). "If a party could avoid issue preclusion by finding some argument it failed to raise in the previous litigation, the bar on successive litigation would be seriously undermined." *Paulo v. Holder*, 669 F.3d 911, 918 (9th Cir. 2011) (citing 18 James W. Moore et al.,

*Moore's Federal Practice* § 132.02[2][c] (3d ed. 2010) ("If a new legal theory or factual assertion raised in the second action is relevant to the issues that were litigated and adjudicated previously, the prior determination of the issue is conclusive on the issue despite the fact that new evidence or argument relevant to the issue wasn't in fact expressly pleaded, introduced into evidence, or otherwise urged.")).

The first, third, and fourth elements are met, as discussed above. Joseph claims, though, that the second element isn't met because the § 215(a)(3) claim wasn't "actually litigated" in the previous action. Again, she is wrong. Whether she specifically articulated the § 215(a)(3) claim is irrelevant. What matters is that counsel could have raised the claim in the previous litigation. Joseph's § 215(a)(3) claim is merely a guise of the same claim she pursued previously.

Joseph's § 215(a)(3) claim is barred by the issue preclusion doctrine.

**II.     Sanctions**

A court may sanction parties through three avenues: "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). Linehaul moves for sanctions under

Rule 11. It argues that Joseph's § 215(a)(3) claim is frivolous and made for an improper purpose.

Sanctions may be imposed under Rule 11 if a party violates Rule 11(b). That subsection provides:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> . . . .

The Ninth Circuit set out the standard for Rule 11 sanctions in *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005):

> When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." As shorthand for this test, we use the word "frivolous" "to denote a filing that is both baseless and made without a reasonable and competent inquiry."
>
> If a party pleads a claim that is clearly barred by res judicata, that may be

11

grounds for sanctions under Rule 11. *See e.g. Buster v. Greisen*, 104 F.3d 1186 (9th Cir. 1997). In *Buster*, the Ninth Circuit affirmed a district court's decision to impose sanctions on account of a claim that was clearly barred by res judicata:

> "Frivolous" filings are those that are "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1362 (9th Cir.1990) (en banc). The district court concluded that this suit was barred by the *res judicata* and collateral estoppel effects of the prior judgment. These findings are supported by the record, and a reasonable and competent inquiry would have led to the same conclusion. This action involves the same parties and the same "transactional nucleus of fact" as the prior suit and it seeks to relitigate issues that were conclusively resolved in the prior suit. *See In re Grantham Brothers,* 922 F.2d 1438, 1442 (9th Cir.1991) (collateral attack with no basis in law or fact is frivolous under Rule 11), *cert. denied,* 502 U.S. 826, 112 S.Ct. 94, 116 L.Ed.2d 66 (1991); *Roberts v. Chevron,* 117 F.R.D. 581 (M.D.La.1987) (bringing state court action attacking prior federal judgment and failing to dismiss after removal justified Rule 11 sanctions; reasonable inquiry would have shown that res judicata barred action), *aff'd,* 857 F.2d 1471 (5th Cir.1988). The district court did not abuse its discretion in concluding that Buster's claim was frivolous.

*Id.* at 1190.

This reasoning is equally applicable here. Joseph's § 215(a)(3) untimely claim is frivolous. First, the claim is legally baseless from an objective perspective. No reasonable attorney could have concluded that Joseph's § 215(a)(3) claim isn't barred by res judicata. Second, if a reasonable attorney would have conducted a reasonable and competent inquiry before signing and filing

12

Joseph's complaint, he or she would have learned that the § 215(a)(3) claim is barred.

The thrust of counsel's argument as to why the claim isn't barred is that she didn't specifically plead a § 215(a)(3) claim in the previous litigation.[3] That argument misses the point, though, and ignores well-established case law—what matters is whether she could have pleaded that claim, not whether she actually did. *Paulo*, 669 F.3d at 918; *Adam Bros. Farming, Inc.*, 604 F.3d at 1149; *Tahoe Sierra Preservation Council Inc.*, 322 F.3d at 1078; *Restatement (Second) of Judgments* § 27.

Here, counsel has neither denied that she could have timely pleaded the claim nor has she provided any evidence to that effect. Her § 215(a)(3) claim in this litigation violates Rule 11(b)(2). There is insufficient evidence in the record, though, to conclude that Joseph, through her lawyer, filed the § 215(a)(3) for an "improper purpose" under Rule 11(b)(1).

Even though the record doesn't show that Ms. Weldele-Wade ran afoul of Rule 11(b)(1), her violation of Rule 11(b)(2) warrants sanctions. There was no good reason for filing the § 215(a)(3) claim, except perhaps the self interest of

---

[3] Ms. Weldele-Wade also argues that the judgment in the previous litigation isn't final for purposes of res judicata, but that argument fails on its face. *See Tripati*, 857 F.2d at 1367.

potential attorney's fees under that claim.

A reasonable sanction in this case is to have Ms. Weldele-Wade—not Joseph—pay Linehaul's attorney's fees that it incurred in bringing its motion for partial summary judgment.

IT IS ORDERED that Linehaul Logistics Inc.'s motion for partial summary judgment (doc. 7) is GRANTED.

IT IS FURTHER ORDERED that the parties are ordered to show cause why this case shouldn't be remanded to the Montana state court under 28 U.S.C. § 1367(c). The parties shall respond to this order by filing simultaneous briefs no later than May 20, 2013.

IT IS FURTHER ORDERED that the preliminary pretrial conference scheduled for May 22, 2013, as well as the associated deadlines, are VACATED and will be rescheduled, if necessary, after the parties have responded to the order to show cause.

IT IS FURTHER ORDERED that Linehaul's motion for sanctions (doc. 25) is GRANTED. Joseph's counsel, Stacey Weldele-Wade, shall pay to Linehaul its attorney's fees that it incurred in filing and pursuing its motion for partial summary judgment. Linehaul must file an affidavit detailing those costs no later than May 20, 2013. If Ms. Weldele-Wade objects to the amount of attorney's fees

(not the imposition of sanctions itself), she shall file those objections no later than seven days after Linehaul files its affidavit. The Court will then rule on those objections. If no objections are filed, Ms. Weldele-Wade must pay Linehaul no later than 45 days after it files its affidavit.

Dated this 14th day of May 2013.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT